11-4560
Chen v. Holder

BIA
A073 776 130

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand thirteen.

PRESENT:
        DENNIS JACOBS,
          *Chief Judge,*
        ROBERT A. KATZMANN,
        GERARD E. LYNCH,
          *Circuit Judges*.

_____

YUN CHEN, AKA YONG CHEN,
AKA JA-LIM SUNG,
        *Petitioner*,

      v.                      11-4560
                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:      Scott E. Bratton, Cleveland, Ohio.

FOR RESPONDENT:     Paul F. Stone, Trial Attorney, Office of Immigration Litigation; Edward Duffy, Senior Litigation Counsel, *for* Stuart F. Delery, Acting Assistant Attorney General, Civil Division United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yun Chen, a native and citizen of the People's Republic of China, seeks review of an October 17, 2011, decision of the BIA denying his motion to reopen. *In re Yun Chen*, No. A073 776 130 (B.I.A. Oct. 17, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Chen's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). When, as here, the BIA considers relevant evidence of country conditions in evaluating the motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Although Chen's motion was indisputably untimely and number-barred because it was filed more than eight years after the agency's final order of exclusion and it was his third motion to reopen, *see* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2), there is no time or numerical limitation for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

Here, the BIA did not err in finding that Chen failed to establish such circumstances based on his newly commenced practice of Christianity in the United States. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005) (per curiam) (explaining that a

change in "personal circumstances *in the United States*" did not constitute a change in country conditions (emphasis in original)).  Moreover, the BIA did not err in finding that Chen failed to establish a material change in conditions in China.  It was reasonable for the BIA to conclude that the 2009 and 2010 reports submitted by Chen merely reflected a continuation of, and not a change in, China's long-standing oppression of unsanctioned religious groups.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk